```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| VANCE WILLIAMS, | No. CV-11-0014-CI |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

BEFORE THE COURT are cross-Motions for Summary Judgment. ECF No. 12, 14. Attorney Lora Lee Stover represents Vance Williams (Plaintiff); Special Assistant United States Attorney Gerald Hill represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability benefits (DIB) and Supplemental Security Income (SSI) on February 9, 2007. (Tr. 137.) He alleged disability due to leg and back pain, hypertension, and kidney problems, with an onset date of September 16, 2005. (Tr. 136, 141.) His claim was denied initially and on reconsideration.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

```
```
Case 2:11-cv-00014-CI    Document 16    Filed 10/31/12

Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on October 30, 2008, before ALJ R. J. Payne. (Tr.13-67.)  Plaintiff, who was represented by counsel, and medical expert Darius Ghazi, M.D., testified.  The ALJ denied benefits on November 24, 2008, and the Appeals Council denied review.  (Tr. 71-83, 1-5.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript

of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 37 years old with an 11th grade education and high school equivalency degree. (Tr. 37, 43.) Plaintiff reported past work experience as a utilities system specialist in the military, an apprentice plumber, a truck driver, and a cable installation supervisor. (Tr. 43-45, 167.) He testified his back pain and anger problem prevented him from working. (Tr. 48, 53.) In his appeal of the initial determination, he indicated increased pain and depression due to financial and health problems. He stated back and leg pain limited his exertional abilities. (Tr. 196.)

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff's date of last insured for DIB purposes was December 31, 2008. (Tr. 73.) At step one, he found Plaintiff had not engaged in substantial gainful activity since September 16, 2005. At step two, he found Plaintiff had severe impairments of "obesity, osteoarthritis of the spine, hypertension, history of renal artery stenosis, and left leg pain." (*Id*.) He concluded the medical evidence did not establish a severe impairment of the cervical spine, or a severe mental health impairment and references to sleep apnea and chest pain in the records did not establish a medically determinable impairment. (Tr. 74-75.) At step three the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 75.) At step four he determined Plaintiff retained the residual functional capacity (RFC) to perform a wide range of light work with the following restrictions:

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

> [Claimant can] lift or carry 20 pounds frequently and occasionally lift or carry between 21 and 50 pounds, but he can never lift of carry over 50 pounds. He can sit for four hours continuously and he can sit for a total of six hours in an eight hour workday. He can stand or walk for two hours at a time and three hours total in an eight hour workday. The claimant would require normal breaks. He does not require an assistive device to ambulate. The claimant has continuous use of his upper extremities and feet. He can occasionally climb ladders, ropes, and scaffolds, and frequently climb stairs and ramps. He can occasionally balance, stoop, crouch, kneel, and crawl. He has no visual or hearing limitations. The claimant should never be exposed to unprotected heights. He can be exposed to moving machinery and heavy industrial vibrations frequently. He can occasionally be exposed to extreme cold and heat.

(Tr. 75.) In the RFC findings, the ALJ determined Plaintiff's subjective statements regarding the intensity of symptoms and limitations were not credible to the extent they were inconsistent with the final RFC determination. (Tr. 77.) At step four, he determined Plaintiff could no longer perform his past relevant work. Proceeding to step five, using the Grids as a framework, the ALJ found Plaintiff's physical limitations had little or no effect on the occupational base of unskilled light work; therefore, Plaintiff was not under a "disability" as defined by the Social Security Act at any time through the date of his decision. (Tr. 83.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the record does not support the ALJ's decision. Specifically, he argues the ALJ erred when he: (1) disregarded medical opinions; (2) found no severe mental impairments; (3) assessed Plaintiff's RFC; and (4) assessed Plaintiff's credibility. ECF No. 13 at 10. Defendant responds the ALJ's decision is supported by substantial evidence and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

free of legal error.  ECF No. 15.

**DISCUSSION**

**A.  Credibility**

Plaintiff asserts generally that the ALJ's credibility determination "is not based on any convincing evidence." ECF No. 13 at 14.  He appears to argue his allegations of complete disability should be credited because medical evidence shows physical abnormalities, psychological testing was deemed valid, and he was given a disability parking permit by his treating doctor.  *Id*. However, an ALJ cannot be required to believe every allegation of disabling pain and limitations, even when medical evidence establishes an impairment is reasonably expected to produce *some* of the claimed disabling symptoms.  *Molina v. Astrue*, 674 F.3d 1104, (9th Cir. 2012)(*citing Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)("many medical conditions produce pain not severe enough to preclude gainful employment").

Review of the ALJ's credibility findings indicates he did not reject Plaintiff's statements entirely.  (Tr. 75-80.)  Rather, he found limitations that exceeded the final RFC assessment were not credible. Further, consistent with the standard cited by Plaintiff, ECF No. 13 at 13-14, in addition to medical evidence, the ALJ considered the entire record, discussed factors relevant to credibility assessment and gave specific, detailed, "clear and convincing" reasons for discounting Plaintiff's subjective complaints of disabling symptoms. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th

Cir. 2008); *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Social Security Ruling* (*SSR*) 96-7p (medical evidence is a relevant factor to consider in credibility assessment).  His specific credibility findings are supported by substantial evidence in the record and thus satisfy the legal standard required in these proceedings.  Thus, they will not be disturbed.  *Thomas,* 278 F.3d at 959; *Fair*, 885 F.2d at 604 ("credibility determinations are the province of the ALJ").

Here, referencing specific medical evidence in the record, the ALJ found medical evidence did not support Plaintiff's allegations of disabling symptoms.  Explaining this conclusion, he reasoned that Plaintiff's hypertension was under control; medical providers could find no etiology for his claimed left leg pain; vascular studies were negative; and radiology studies revealed no more than mild changes in his lumbar spine.  Further, he specifically noted examining physicians reported that their physical examinations did not evidence the degree of pain or "extreme limitations" asserted by Plaintiff.  (Tr. 78, 345-47, 466.)  These medical source opinions, based on physical examination, are legally sufficient to discount Plaintiff's complaints.  *Burch*, 400 F.3d at 681.  It is noted on review that the medical expert also testified medical evidence did not show more than a mild degenerative change in Plaintiff's back or establish a diagnosis to explain Plaintiff's "vague issues" with his leg.  (Tr. 17, 33.)

In addition to a lack of objective medical evidence to support claims of disabling symptoms, the ALJ gave other legally sufficient reasons for his credibility findings, including examining physician

observations that are inconsistent with severity claimed; the orthopedic surgeon's refusal to see Plaintiff due to a lack of substantial findings on radiology reports; clinic notes from treating and examining physicians suggesting Plaintiff's complaints were disproportional to pain actually experienced; and inconsistencies between Plaintiff's disability report and testimony regarding activities of daily living. (Tr. 78-80.) The ALJ properly referenced medical provider opinions found in the record that (1) Plaintiff's obesity compounded back and leg pain; (2) Plaintiff refused to attend physical therapy; and (3) Plaintiff failed to follow recommendations to stop using tobacco, to exercise, and to lose weight. (*See, e.g.*, Tr. 79, 460-61, 554.) Plaintiff's failure to follow his physician's recommendations is a valid and specific reason for discounting a claimant's allegations of severe symptoms. *Tommasetti*, 533 F.3d at 1039 (claimant's refusal to follow prescribed treatment supports adverse credibility finding); *see also Osenbrock v. Astrue,* 240 F.3d 1157 1165-66 (9th Cir. 2001) (evidence of claimant's physical de-conditioning, self-limitation and lack of motivation appropriate to consider in credibility determination). Plaintiff identifies no evidence to contradict these specific, clear and convincing findings.

Regarding mental health issues, the ALJ found Plaintiff's statements were insufficient to establish a mental impairment. Plaintiff's argument that psychological testing was deemed valid, and the examining psychologist did not believe Plaintiff was exaggerating his symptoms is not supported by the record. ECF No. 13 at 14. Mental health assessment specialist Ashlie Hagen, MS,

noted Plaintiff's responses on objective test scales indicate an "over-endorsement" of responses and great exaggeration of problems to create an "impression of severe emotional problems." (Tr. 623.) Her opinions were endorsed by Scott Mabee, Ph.D.[1] (Tr. 625.) In her narrative report, Ms. Hagen specifically advised results of the objective testing "be viewed with caution." *Id.*

The ALJ's credibility assessment is supported by clear, convincing and specific reasons and substantial evidence. The ALJ did not err in the weight given Plaintiff's subjective complaints.

**B.  Step Two**

Plaintiff argues the ALJ erred when he found no severe mental impairment. He contends the depressive disorder identified by Ms.

---

[1] As mental health counselor, Ms. Hagen is considered an "other" medical source who is not qualified to diagnose a mental impairment. However her opinions regarding limitations caused by mental disorders must be considered by the ALJ and may be rejected only with specific reasons, "germane" to Ms. Hagen. 20 C.F.R. §§ 404.1513(d), 416.913(d). Even assuming Dr. Mabee's endorsement of Ms. Hagen's evaluation established medically determinable mental health disorders, the ALJ legitimately gave moderate and marked limitations assessed by Ms. Hagen (in her form report) little weight because they are based on Plaintiff's unreliable self-report and unsupported by clinical testing. (Tr. 74.) These are legally sufficient reasons to reject an examining source opinion. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)(physician's reliance on discounted self-report supports rejection of his medical conclusion).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

Hagen should be considered a severe mental impairment because the record reflects his complaints of depression and treatment with anti-depressants. ECF No. 13 at 16-17.

Plaintiff bears the burden of establishing a severe impairment at step two. *Edlund*, 253 F.3d 1152, 1159-60 (9th Cir. 2001.) To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. The impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1508 and .1509, 416.909 and .909 (durational requirement). The ALJ found Plaintiff's self reported depression did not meet the duration requirement and gave specific reasons for rejecting the limitations assessed in the Hagan/Mabee evaluation. His reasoning is supported by substantial evidence.

As discussed above, the record confirms Plaintiff's self-reported symptoms during his psychological evaluation were acknowledged by Ms. Hagen as not entirely reliable. As noted by the ALJ, the depressive disorder was deemed mild, treatment notes indicate symptoms were improving with medication, and there is no evidence, other than Plaintiff's unreliable statements, that depression caused more than mild limitations in Plaintiff's functioning. (Tr. 74.) The ALJ properly supported the step two finding of no severe mental impairment by referencing objective test results showing no cognitive limitations and no evidence of mental impairment on the Trails Making tests. (*Id*.) Indeed, Ms. Hagen conceded she based her assessment on Plaintiff's self report, which

she deemed "greatly exaggerated" based on the test results. Plaintiff points to no evidence (other than his own subjective complaints) that contradicts the ALJ's finding that claimed mental problems caused no more than a minimal impact on Plaintiff's ability to work.[2]

Plaintiff's reliance on Dr. Mabee's Global Assessment Functioning (GAF) score is misplaced, as it is insufficient to establish a severe impairment. (Tr. 624.) The GAF score is used to determine an individual's need for treatment. *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998). Here, it is, at best, a situational assessment based on one interview and over-reported subjective symptoms. The Commissioner has explicitly disavowed any use of the GAF scores as an indicator of disability. 65 Fed. Reg. 50746-01, 50765 (August 21, 2000). Evidence relied upon by Plaintiff does not meet the threshold burden at step two to provide objective findings of a medically determinable impairment that meets the durational requirement. The ALJ did not err in his step two findings. 20 C.F.R. §§ 404.1508, 416.908 (claimant's own statement of symptoms alone does not meet step two burden).

**C.   Residual Functional Capacity Assessment**

---

[2] Plaintiff appears to rely on evidence of post-hearing examinations, the reports of which are dated February 2009 and were submitted to the Appeals Council. (Tr. 688-710.) The court has considered these records. However, because the evidence does not relate to the period at issue, these records are not material to the determination of disability. *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

Plaintiff contends the ALJ disregarded physical and mental limitations which affect his ability to perform light level work. As evidence to support his argument, he relies on opinions from the Hagen/Mabee evaluation and imaging reports showing abnormalities in his lumbar spine. ECF No. 13 at 13. As discussed above, the ALJ thoroughly discussed the psychological evaluation endorsed by Dr. Mabee and gave legally sufficient reasons for discounting the opined mental limitations because they were not consistent with Ms. Hagan's narrative and clinical testing results indicated Plaintiff over endorsed his symptoms. (Tr. 74.)

Plaintiff's assertion that evidence from treating physician, Rolf Panke, D.O., supports a finding of disability is unfounded. ECF No. 13 at 14-15. Specifically, Plaintiff relies on a parking permit application completed by Dr. Panke in October 2007 in which the doctor represented Plaintiff could not walk more than 200 feet without resting. *Id*. The record shows the ALJ specifically discussed in detail the parking permit application and gave little weight to the limitation in walking. (Tr. 79.) His reasoning that this extreme limitation is not supported by imaging reports and the detailed findings on examination by orthopedic specialist G.W. Bagby, M.D., is sufficiently specific and legitimate to reject Dr. Panke's opinion.[3] (Tr. 78-79, *see* Dr. Bagby's report at Tr. 345-50.) It is also noted that in the parking permit application, Dr. Panke

---

[3] In evaluating medical opinions, more weight is given to a medical specialist's opinion on issues related to his area of speciality than to a medical source who is not a specialist. 20 C.F.R. §§ 404.1527 (d)(5), 416.927(d)(5).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

certified the walking limitation was temporary and would last six months. (Tr. 511.) Thus, even if credited, this limitation would not meet the duration requirement and is not sufficient to establish a disability under the Social Security Act. Plaintiff fails to identify objective medical evidence to support his assertion that his physical limitations are totally disabling.

The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. § 416.946(c); *SSR* 96-5p. It is not a "medical issue" under the Regulations; but it must include all limitations supported by substantial evidence in the record that is "not depend[ent] on Plaintiff's subjective complaints." 20 C.F.R. § 416.94; *Bayliss v Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *SSR* 96-5p. *De novo* review shows the ALJ's final RFC determination meets those requirements. Where, as here, the ALJ's determination is a rational interpretation of the entire record, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097.

**CONCLUSION**

The ALJ's determination of non-disability is based on substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12,** is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

The District Court Executive is directed to file this Order and

provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED**.

DATED October 31, 2012.

                     S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE